

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2004

# USA v. Wallace

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3994

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Wallace" (2004). *2004 Decisions.* Paper 627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

---

NOS. 03-3994 and 03-3995

---

UNITED STATES OF AMERICA

v.

RICHARD C. WALLACE
Appellant

---

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action Nos. 02-cr-00299-1
and 02-cr-00310-1)
District Judge: Hon. William W. Caldwell

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2004

BEFORE: ROTH and STAPLETON, <u>Circuit Judges</u>,
and SCHWARZER,* <u>District Judge</u>

(Filed: June 2, 2004)

---

* Hon. William W. Schwarzer, United States District Judge for the Northern District of
California, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Richard A. Wallace pled guilty to mail fraud and bank fraud pursuant to a plea agreement. He was sentenced to serve 37 months of incarceration on each conviction to be served concurrently. He now appeals both sentences.

Section 2F1.1(b)(4)(C) of the sentencing guidelines requires a two-level enhancement "if the offenses involved . . . a violation of any prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines . . ." U.S.S.G. § 2F1.1(b)(4)(C) (2000 Ed.). Wallace's presentence investigation report ("PSI") indicated that the Pennsylvania Securities Commission ("PSC"), on January 25, 2001, entered a cease and desist order against Apacor Financial, Inc., Wallace and others prohibiting the further sale of certain Apacor notes to the public. The PSI further evidences that Apacor continued to sell the notes until the end of March, 2001, with $114,000 worth of notes being sold during the January to March period. These portions of the PSI were not challenged.

At the sentencing hearing, Wallace took the position that the § 2F1.1(b)(4)(C) enhancement was not applicable to him because a violation of the order must be a knowing one and he was not aware of the existence of the cease and desist order "until

2

long after it was entered." App. at 141. According to his own testimony, however, he was aware of the order as of early March, 2001, and two or three notes were sold later in March. Moreover, Wallace's testimony about only learning of the order in early March was impeached (1) by a statement given by him to the FBI in October 2002 admitting that he became aware of the order in February, 2001; and (2) by the statements of two former Apacor employees, Gina DeMarco and Arthur Carlson, who told the FBI that Wallace was aware of the order as soon as it was entered. There thus was ample record support for the District Court's conclusion that Wallace had knowingly violated the PSC order and that there should be a two-level enhancement.

To the extent that Wallace is arguing that his mental state was so compromised during February and March 2001 that he couldn't knowingly violate the cease and desist order, his argument is inconsistent with the District Court's denial of Wallace's downward departure motion based upon alleged diminished capacity. After a hearing on Wallace's mental state, the District Court denied the motion and found that Wallace did not suffer from any significantly reduced mental capacity during the course of the crime.

The judgment of the District Court will be affirmed.